IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE REMBERTO GUZMAN-DOMINGUEZ,

    Petitioner,

vs.                                                                      No. 20-cv-188 RB-CG
                                                                        No. 16-cr-0580 RB-CG

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

       Before the Court is Jose Remberto Guzman-Dominguez's *pro se* Motion to Reconsider Sentence (CR Doc. 214; CV Doc. 1). Mr. Guzman-Dominguez asks the Court to release him from prison following his 2017 federal drug convictions. Having reviewed the Motion and applicable law, the Court finds no relief is available.

    **I.**    **Background**

       On November 14, 2015, Mr. Guzman-Dominguez and his co-defendant Miguel Angel Rodriguez-Flores were arrested by the New Mexico State Police at the port of entry in Lordsburg, New Mexico. (CR Doc. 1.) Inspectors found four cardboard boxes with bricklike packages in the trailer of Mr. Guzman-Dominguez's truck during a routine inspection. (*Id.*) The packages contained heroin and cocaine. (*Id.*) Mr. Guzman-Dominguez proceeded to trial, where the jury convicted him of: (1) possession with intent to distribute five kilograms or more of a mixture containing cocaine (21 U.S.C. § 841(b)(1)(A)); (2) possession with intent to distribute one kilogram or more of a mixture containing heroin (21 U.S.C. § 841(b)(1)(A)); and (3) conspiracy to violate § 841(b)(1)(A). (CR Docs. 120; 191.)

Shortly after trial, Mr. Guzman-Dominguez filed a motion urging the Court to enter a judgment of acquittal or order a new trial pursuant to Fed. R. Crim. P. 29 and 33. (CR Doc. 137.) He argued, inter alia, that he was not aware of the drugs in the trailer and that the verdict was against the weight of evidence. (*Id.*) The Court denied relief and sentenced Mr. Guzman-Dominguez to a total term of 180 months imprisonment. (CR Doc. 191.) Mr. Guzman-Dominguez filed a direct appeal. The Tenth Circuit initially ordered the United States to supplement the record. (CR Doc. 205.) Several days after entry of that Order, Mr. Guzman-Dominguez filed a *pro se* motion to vacate his convictions. (CR Doc. 206.) He again argued he was not aware of the drugs, and that the jury's verdict was invalid based on the evidence. Mr. Guzman-Dominguez obtained permission to withdraw the document a month later. (CR Doc. 208–10.)

By a mandate issued June 26, 2019, the Tenth Circuit affirmed Mr. Guzman-Dominguez's convictions and sentence. (CR Doc. 212.) In particular, the Tenth Circuit found sufficient evidence to support his convictions. About eight months later, on February 28, 2020, Mr. Guzman-Dominguez filed the instant Motion. (CR Doc. 214.) He seeks to "re-enter[] into society," and again argues the evidence did not support the jury's verdict. The Court initially docketed the filing as a 28 U.S.C. § 2255 habeas proceeding. Case No. 20-cv-188 RB-CG. However, on April 9, 2020, Mr. Guzman-Dominguez filed a letter indicating he does not wish to pursue § 2255 relief right now. (CV Doc. 2.) He represents that his certiorari petition is still pending before the United States Supreme Court, and he may want to file his "first" § 2255 motion after that process is complete. With that clarification, the Motion is ready for review.

**II.   Discussion**

"Typically, a § 2255 motion is 'the exclusive remedy for testing the validity of a judgment

2

and sentence' following the conclusion of a direct appeal." *Jones v. Goetz*, 712 F. App'x 722, 724 (10th Cir. 2017) (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)); *Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011) ("Congress has told us that federal prisoners challenging the validity of their convictions or sentences may seek and win relief only under the pathways prescribed by § 2255."). Mr. Guzman-Dominguez has apparently not completed the direct appeal process, and he is not required to proceed under the habeas statute. However, without the benefit of § 2255, there are no grounds to evaluate the conviction or sentence in this case. District courts do "not have inherent power to resentence defendants" or correct criminal judgments. *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996). The Court can only "modify a Defendant's sentence [or judgment] . . . in specified instances where Congress has expressly granted the court jurisdiction to do so." *Id.*

The Motion cites no law permitting a release or sentence reduction. Mr. Guzman-Dominguez asks to re-enter society based on shoddy evidence at trial, his family circumstances, and his prison disciplinary record. While the Court commends Mr. Guzman-Dominguez for his successful record with the Bureau of Prisons and for maintaining his strong family ties, these circumstances do not warrant a sentence modification under existing law. *See, e.g.*, *United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005) (district courts lack inherent authority to modify a criminal conviction or sentence, even if the ruling is based on a "desire to prevent a manifest injustice").

To the extent the Motion's reference to a "second chance" is intended to pursue relief under the Second Chance Act, 18 U.S.C. § 3624(c), the request is also unavailing. The Second Chance Act governs halfway house placements in the months leading up to a prisoner's release. *See*

*generally* Pub. L. 110-199, 122 Stat. 657. It requires the "Director of the [Bureau of Prisons]" to ensure that a prisoner . . . spends a portion of the final . . . [prison] term (not to exceed 12 months) under conditions that will" aid the transition into society. 18 U.S.C. § 3624(c). The Second Chance Act is inapplicable here because Mr. Guzman-Dominguez's release date is more than 12 months away (August 25, 2028). *See* Federal BOP Inmate Locator, https://www.bop.gov/inmateloc/. Even if the Second Chance Act did apply, the BOP makes placement decisions; the Court lacks authority to issue any binding order as to an inmate's placement in a halfway house. *See* 18 U.S.C. § 3621(b) ("Any order, recommendation, or request by a sentencing court [regarding placement] in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.").

For these reasons, the Court lacks jurisdiction to modify Mr. Guzman-Dominguez's conviction or sentence. The Court will dismiss the Motion for lack of jurisdiction and enter a judgment closing the civil habeas case. Because the Court did not analyze whether relief is available under § 2255, the Motion will not count as Mr. Guzman-Dominguez's "first" § 2255 proceeding.

**IT IS ORDERED** that Jose Remberto Guzman-Dominguez's *pro se* Motion to Reconsider Sentence (CR Doc. 214; CV Doc. 1) is **DISMISSED** for lack of jurisdiction; and the Court will enter a separate judgment closing the civil habeas case without prejudice.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE